FILED

2009 Mar-30  AM 10:16
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| ISMAEIL MOHAMMED ABU SALIM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CV 07-B-2265-NE |
| | ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss or, in the alternative, Motion for Summary Judgment filed by respondent.[1]  (Doc. 4.)[2]  Petitioner Ismaeil Mohammed Abu Salim has petitioned the court for review of respondent's decision to deny his application for naturalization.  Respondent contends that the petition fails to state a claim upon which relief may be granted, or, in the alternative, that there are no disputed issues of material fact and respondent is entitled to judgment as a matter of law.  Because the parties have submitted evidence, which the court has considered, respondent's Motion to

---

[1]The Motion was filed by "Respondent, Michael Chertoff, Secretary, Department of Homeland Security."  (Doc. 4.)  At the time, Chertoff was the proper respondent.  However, Janet Napolitano  is the current Secretary of the Department of Homeland Security.  Neither party has sought to substitute Chertoff or Napolitano for the named defendant Department of Homeland Security.

[2]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Dismiss, (doc. 4), will be denied.  Upon consideration of the record, the submissions of the

parties, the arguments of counsel, and the relevant law, the court is of the opinion that

respondent's Motion for Summary Judgment, (doc. 4), is due to be granted.

This court has jurisdiction to review petitioner's application for naturalization de

novo:

> A person whose application for naturalization under this subchapter is denied . . . may seek review of such denial before the United States district court for the district in which such person resides . . . .  Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(g).

There are three requirements an applicant must meet for naturalization:

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

8 U.S.C.A. § 1427 (a).  The applicant must maintain the good moral character through the

time he takes the oath of citizenship.  8 C.F.R. § 316.10(a)(1)("An applicant for

2

naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character.  This includes the period between the examination and the administration of the oath of allegiance.")

According to the Petition,

In its initial administrative decision the Service denied the application for naturalization for lack of good moral character due to a conviction of the applicant for the offense of selling alcohol to a minor for which he received a suspended sentence and twelve months of unsupervised probation.  Said conviction and sentence occurred within the five-year statutory period immediately preceding the application for naturalization.  . . .

. . .

The applicant contends his conviction for selling alcohol to a minor does not demonstrate a lack of good moral character.  At the time of his arrest for this offense and through the present date he was an owner and operator of a convenience store that sells fuel, snacks, soft drinks, beer and wine coolers to the public.  The Alabama Beverage Control conducted a controlled purchase of alcohol with a person who was nineteen years of age.  The applicant, who was working the counter at the time, mistakenly sold beer to the person without requiring presentation of proof of legal age.  Upon conviction and sentence the applicant was never incarcerated but placed on twelve months of unsupervised probation.  He was not arrested again or otherwise engaged in any conduct in violation of the regulatory guidelines cited above.  The Service cannot reasonably argue this one-time event demonstrates the applicant's lack of good moral character.

(Doc. 1 at 4, 6-7.)

Respondent denied petitioner's application for naturalization "for lack of good moral character due to [his] conviction on May 8, 1997 for the offense of selling alcohol to a minor. . . . This conviction falls inside the 5-year statutory period required for good moral character."  (Doc. 1, Ex. 1.)   Respondent has moved for Summary Judgment on the Petition

3

based on the ground that petition cannot establish good moral character because of his arrest for selling alcohol to a minor and his commission of other unlawful acts.  These other unlawful acts, for which petitioner accepted responsibility,[3] include harassment of his wife on at least two occasions and criminal mischief.  Petitioner contends that defendant's Motion for Summary Judgment should be denied because there are issues of fact as to "(1) whether particular misdemeanor convictions constituted crimes of moral turpitude; (2) what constituted a 'conviction'; and (3) whether [petitioner's] conduct during the relevant statutory period otherwise adversely reflected on his good moral character."  (Doc. 8 at 2.)

The regulations do not require a conviction for a crime of moral turpitude in order to find a lack of good moral character.  The regulations provide:

(b) Finding of a lack of good moral character.

. . .

(3)  Unless the applicant establishes extenuating circumstances, the applicant shall be found to lack good moral character if, during the statutory period, the applicant:

. . .

(iii)   Committed unlawful acts that adversely reflect upon the applicant's moral character, or was convicted or imprisoned for such

---

[3]The record contains evidence that petitioner was tried for menacing based on a complaint that he threatened a customer with a gun.  This charge was dismissed on appeal to the Alabama Circuit Court.

acts, although the acts do not fall within the purview of § 316.10(b)(1) or (2).[4]

---

[4]Section 316.10(b)(1) and (b)(2) states:

(1)    An applicant shall be found to lack good moral character, if the applicant has been:

(i)  Convicted of murder at any time; or

(ii)  Convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990.

(2)  An applicant shall be found to lack good moral character if during the statutory period the applicant:

(i)  Committed one or more crimes involving moral turpitude, other than a purely political offense, for which the applicant was convicted, except as specified in section 212(a)(2)(ii)(II) of the Act;

(ii)  Committed two or more offenses for which the applicant was convicted and the aggregate sentence actually imposed was five years or more, provided that, if the offense was committed outside the United States, it was not a purely political offense;

(iii)  Violated any law of the United States, any State, or any foreign country relating to a controlled substance, provided that the violation was not a single offense for simple possession of 30 grams or less of marijuana;

(iv)  Admits committing any criminal act covered by paragraphs (b)(2) (i), (ii), or (iii) of this section for which there was never a formal charge, indictment, arrest, or conviction, whether committed in the United States or any other country;

(v)  Is or was confined to a penal institution for an aggregate of 180 days pursuant to a conviction or convictions (provided that such confinement was not outside the United States due to a conviction outside the United States for a purely political offense);

8 C.F.R. § 316.10 (b)(3)(footnote added).

The court finds that petitioner's unlawful acts – selling alcohol to a minor and harassment (including slapping his wife, threatening her, and kicking in the doors of his residence) – "adversely reflect upon [his] moral character."[5]   Therefore, pursuant to the § 316.10(b)(3)(iii), petitioner  "shall be found to lack good moral character . . . during the

---

(vi)  Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit;

(vii)  Is or was involved in prostitution or commercialized vice as described in section 212(a)(2)(D) of the Act;

(viii)   Is or was involved in the smuggling of a person or persons into the United States as described in section 212(a)(6)(E) of the Act;

(ix)  Has practiced or is practicing polygamy;

(x)  Committed two or more gambling offenses for which the applicant was convicted;

(xi)  Earns his or her income principally from illegal gambling activities; or

(xii)  Is or was a habitual drunkard.

8 C.F.R. § 316.10(b)(1) and (b)(2).

[5]Petitioner argues that he has never admitted his guilt nor been found guilty of the harassment charges involving his wife.  As the government correctly notes, a person does not have to have been convicted of a crime involving moral turpitude to be found to lack good moral character.

statutory period" unless he "establishes extenuating circumstances" surrounding his commission of the unlawful acts.[6]

In response to respondent's Motion for Summary Judgment, petitioner has not submitted any evidence of "extenuating circumstances" for his unlawful acts.  This failure of proof is fatal to his Petition.

The law is well established that a nonmoving party submit evidence to support specific facts sufficient to raise a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  When the non-moving party, who has the burden of proof at trial, fails to support each essential element of his claim, the court will enter summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  *Id*. at 322-23.

The evidence shows that petitioner committed unlawful acts during the statutory period; yet, petitioner has offered no evidence to prove extenuating circumstances that excuse or explain this conduct.  Therefore, the court finds summary judgment is due to be entered and the Petition dismissed.

---

[6]"[T]he burden [is] on [the petitioner] to show extenuating circumstances.  Only [the petitioner] knows whether he faced extenuating circumstances during the time the statute required him to establish good moral character."  *United States v. Lekarczyk*, 354 F. Supp. 2d 883, 887 (W.D. Wis. 2005).

## <u>CONCLUSION</u>

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and respondent is entitled to judgment as a matter of law.  An Order granting respondent's Motion for Summary Judgment, (doc. 4), and denying its Motion to Dismiss, (doc. 4), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 30th day of March, 2009.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE